## STRINGER *v.* GAMBLE.

1. WILLS—CONDITIONS IMPOSED—LIABILITY OF DEVISEE—ANNUITIES—LIEN UPON LAND.

   Where a father devised a farm and personal property thereon to his son, on condition that he pay to the mother a certain sum annually during her life and furnish certain products of the farm, and made the charges a lien upon the property devised, and the devisee took the property charged with the conditions imposed, he was personally liable as upon a contract, express or implied, to perform the conditions thereof as long as the mother lived, and, at the death of the mother, any installments due and unpaid were valid claims against the estate of the son unless barred by the statute, or other defense.

2. SAME—CONSTRUCTION—ANNUITIES—LIEN UPON LAND.

   Under said will, the conditions imposed were in essence an annuity expressly charged upon the corpus of the land devised, and measured by the duration of the life of the mother.

And such lien, given to secure the payment of such sums accruing during her life, may be enforced after her death by the representatives of her estate.

3. JUDGMENTS — CONCLUSIVENESS — REMEDIES — RES JUDICATA — WILLS—CONTRACTS—LIENS—ENFORCEMENT.

Under a provision of a will devising certain land, a condition of the bequest being the payment of an annuity, and making the charge a lien upon the property devised, there were two forms of action for collecting unpaid installments; one, a claim against the estate of the devisee upon the contract implied by the acceptance of the bequest, and another in equity to enforce the lien upon the property. A claim was first presented against the estate of the devisee, and, because of the statute of limitations applicable to that form of action, judgment was recovered for only a part of the amount due. *Held*, that the judgment was not res judicata of the extent of the condition unperformed, nor of the sum actually secured by the lien.

4. ELECTION OF REMEDIES—INCONSISTENCY OF REMEDIES—NECESSITY FOR ELECTION.

Where the payment of an annuity was made a condition of a bequest of certain land, and a lien imposed upon the land for its payment, though there was no undertaking on the part of the devisee to pay the annuity, he became liable to do so by the acceptance of the bequest; and the lien not existing to secure the liability thus arising, but to secure, out of the land itself, the payment of the annuity, a condition analogous to that of a note secured by a mortgage existed, and there were two remedies not inconsistent with each other, one on the devisee's liability imposed by law, and the other in equity to enforce the lien. And an action at law did not preclude a proceeding to enforce the lien.

5. STATUTE OF LIMITATIONS—ANNUITIES SECURED BY LIEN—RULE.

On a bill to enforce a lien on land for the payment of an annuity, the rule as to limitations applicable to the foreclosure of a mortgage should be applied and recovery allowed for payments not 15 years past due at the time the bill was filed.

Appeal from Oakland; Lockwood, J., presiding. Submitted June 17, 1908. (Docket No. 76.) Decided January 4, 1909.

Bill by Marshall L. Stringer, administrator de bonis

non of the estate of Fannie Stephens, deceased, against John Gamble, administrator of the estate of Thomas Stephens, deceased, and others, to enforce a lien for the payment of certain annuities. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*Thomas A. Conlon,* for complainant.

*James H. Lynch,* for defendants.

OSTRANDER, J.  The position of appellees is stated in the following language taken from the brief:

" In the former trial I claimed, and I again claim, that, when Thomas Stephens accepted the property under the will, he took it charged with the conditions imposed by the will, but his position was not the same as if he had entered into a written agreement with his father or his mother by which he agreed to pay a certain sum of money and furnish certain products of the farm, but, so far as the performance of the conditions is concerned, he was personally liable upon a contract, either express or implied, and the land was charged with the performance thereof so long as Fannie Stephens lived. At the death of Fannie Stephens, if there were any portions of the annual payments unpaid, the estate of Thomas Stephens would be liable for the same unless barred by limitation or other defense. If the lien continued beyond the life of Fannie Stephens, in case of unpaid installments, her representative might proceed in equity to enforce the lien."

This statement is in accord with the rules of law, generally adopted, in cases involving facts like those presented in the case at bar and with the opinion of this court in *Stringer* v. *Stevens' Estate,* 146 Mich. 181 (8 L. R. A. [N. S.] 393). The brief proceeds:

"So far it would be analogous to the case of a promissory note secured by real estate mortgage. But, when suit is brought upon a promissory note, secured by mortgage, and judgment is taken in such suit, and the same paid and satisfied, then the mortgage lien in any event is thereby terminated."

The legal representative of Fannie Stephens is seeking in this suit to enforce the lien. It would appear that the questions presented for our determination are, *first*, whether the lien was discharged by the death of the person in whose interest it was created; if it was not, then, *second*, whether the fact that the claim for unpaid portions of the charge was presented as a demand against the estate of Thomas Stephens and a portion of it allowed and paid operated to discharge the lien.

*First.* The words employed by the testator, after reciting the charge in favor of his wife imposed upon his devisee, are: "All the above to be and remain a lien upon said above-described farm as long as my said wife shall live;" and the devise is made " upon this express condition that he furnish to my beloved wife," etc. No other provision for the wife is made in the will. It is clear from the nature of the charge imposed that it was intended by the testator to secure to the wife subsistence during her life. There may be doubt whether, strictly speaking, the provision made for the wife should be called an annuity, a question which is sometimes of considerable importance; but it is in essence an annuity, expressly charged upon the corpus of the particular land devised to the son, payable annually, and measured by the duration of her life. See 2 Am. & Eng. Enc. Law (2d Ed.), p. 390. I think the express provision for a lien should be held not either to limit the duration of a lien which in the absence of the express provision would be raised by law or to expire at the death of the annuitant. It is more reasonable to say that it was given to secure payment of the sums accruing during her life and for that purpose may be enforced after her death.

*Second.* The whole demand for unpaid money (for nine years) was presented as a claim against the estate of the devisee. A judgment for the entire amount, with interest, was rendered. The case coming to this court on error, it was held, *first*, that although the demand grew out of a specialty,—a will—it was nevertheless one properly

recoverable in that action as upon an implied promise of the devisee to pay the annuity. It was held, *second*, that the statute of limitations had application as in the case of an ordinary action upon an implied contract. It was found that the statute barred recovery for the most of the demand, and the claimant was given an option to permit judgment to stand for the sum not barred or to take a judgment of reversal and a new trial. He exercised the option by permitting the judgment for the smaller sum to stand and by accepting the amount of that judgment. In the entire proceeding the demand was for the several annual money charges and interest was allowed as upon sums falling due annually. I am not prepared to hold that this operated as a performance of the condition. I think the decision was not res judicata the extent of the condition unperformed and of the sum actually secured by the lien, and, if the lien survived this action, it might be enforced notwithstanding the judgment and its payment. The question is, it seems to me, whether, by adopting the remedy, the lien was waived. Neither the charge upon the land nor the lien was created by the devisee. There is no undertaking of the devisee to pay the annuity although he became liable to do so by accepting the devise. The lien did not exist to secure the liability thus arising, but it did exist to secure, out of the land itself, the benefit intended for the wife. In this State a mortgage is a security merely, transferring no interest in the property mortgaged, and is not released because an action at law is brought to recover the sum secured. Ordinarily the rule is no different where the note is given by one person and the mortgage by another. I think there is no ground for a distinction in the fact that the liability of the devisee to pay the secured charge rested upon legal implication, instead of express stipulation. The annuitant had two remedies, not inconsistent with each other, for obtaining the benefit secured to her in the will of her husband. It was established in the probate proceedings, the remedy first adopted, that because of the operation of the statute of limitations

applicable to the form of action no recovery could be had for sums falling due in certain years. For these years she has not received the benefit. She has not waived or forgiven it. The land is not relieved of this charge unless by operation of the statute of limitations. I know of no rule which denies her the right to pursue the remedy afforded by the terms of the will. I am of opinion that in this case the court should adopt the rule of the statute affecting the foreclosure of mortgage liens, and that a decree should pass for such sums only as were not 15 years past due at the time of filing the bill. No trust relation existed between the wife and the devisee of the land. The wife died February 28, 1897. As to each annual installment unpaid, the statute began to run during her life. Thomas Stephens died April 9, 1903. The bill was filed on or about February 26, 1907. All payments falling due prior to February 26, 1892, are barred.

The decree of the court below should be reversed, with costs of both courts, and a decree entered in this court requiring payment within four months from the date of the decree of the installments which came due June 7, 1892, June 7, 1893, and June 7, 1894, each installment being $100, with interest at the rate of 6 per cent. per annum from the dates when they respectively became due. In default of payment, the decree should provide for a sale of the premises after the manner of foreclosure sales under decrees of a court of chancery.

BLAIR, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.