DEGEN v OLIVETO

LESNICK v DEGEN

1. MORTGAGES—DISCHARGE OF MORTGAGE—MATERIAL ISSUE OF FACT—
   AUTHENTICITY OF SIGNATURE.

   A material issue of fact existed as to the authenticity of a
   signature alleged to be that of the mortgagee on a memoran-
   dum purporting to forgive the debt in a case in which a party
   requested the discharge of a mortgage where the authenticity
   was denied and documents were introduced for purposes of
   comparison of signatures.

2. STATUTES—CONSTRUCTION—STATUTES IN PARI MATERIA.

   Statutes which concern the same subject matter are to be read *in
   pari materia* and construed so as to render them harmonious
   wherever possible.

3. MORTGAGES—DISCHARGE OF MORTGAGE—STATUTES—LEGISLATIVE
   INTENT.

   The clear intent of the Legislature in enacting the discharge of
   mortgage statute was to provide a means whereby an owner of
   encumbered property after the limitation period for the foreclo-
   sure of the mortgage had run could formally remove the
   encumbrance and clear the title (MCLA 600.3175; MSA
   27A.3175).

4. LIMITATION OF ACTIONS—MORTGAGES—FORECLOSURE—DISCHARGE—
   RUNNING OF STATUTE—STATUTES.

   The statute of limitations for the foreclosing of a mortgage and
   the statute providing for discharge of a mortgage contain
   similar alternative language regarding the time from which the
   statutes begin to run; under either statute the proper time to
   be applied is the latest time; therefore, where a mortgagor
   stopped making payments in 1960 and the mortgage was due in

REFERENCES FOR POINTS IN HEADNOTES

[1] 55 Am Jur 2d, Mortgages § 399.
[2] 73 Am Jur 2d, Statutes § 332.
[3] 55 Am Jur 2d, Mortgages § 394 *et seq.*
[4, 5] 55 Am Jur 2d, Mortgages § 599.

1968, the statutes begin to run in 1968 (MCLA 600.3175, 600.5803; MSA 27A.3175, 27A.5803).

5. LIMITATION OF ACTIONS—MORTGAGES—INSTALLMENT MORTGAGES—FORECLOSURE—STATUTES.

The statute of limitations against foreclosure of a mortgage, which is an installment mortgage, runs against foreclosure as to each installment from the time the installment becomes due; therefore, all payments due within 15 years prior to the filing of the foreclosure action may be foreclosed, while foreclosure of any payments due before that period is barred (MCLA 600.5803; MSA 27A.5803).

Appeal from Macomb, Walter P. Cynar, J. Submitted October 12, 1977, at Detroit. (Docket Nos. 77-487, 77-488.) Decided January 5, 1978.

Complaint by Josephine Degen against Albert A. Oliveto, administrator with the will annexed of the estate of Alma Degen, deceased, and Adell C. Jenner and Ruth Lesnick for discharge of a mortgage. Complaint by Ruth Lesnick and Adell Jenner, for themselves and on behalf of the estate of Alma Degen, against Josephine Degen and the Mount Clemens Dairy, Inc., to foreclose the same mortgage. The cases were consolidated by the trial court, which granted summary judgment to Josephine Degen in both cases, discharging the mortgage and dismissing the action to foreclose. Defendants Oliveto, Lesnick and Jenner appeal. Reversed and remanded.

*Sebastian A. Buffa* and *Thomas A. Buffa,* for Josephine Degen.

*Jack C. Chilingirian,* for the estate of Alma Degen, Adell Jenner and Ruth Lesnick.

Before: D. E. HOLBROOK, P. J., and N. J. KAUF-
MAN and J. E. MCDONALD,* JJ.

D. E. HOLBROOK, P. J. This is an appeal as of
right from summary judgments granted in the
instant two cases. The two cases were properly
consolidated in the trial court.

Josephine Degen, plaintiff-appellee herein, in the
first action filed suit on July 21, 1976, against the
heirs and the administrator of the estate of Alma
Degen to discharge the subject mortgage on cer-
tain property she then owned. The heirs of Alma
Degen, individually and on behalf of her estate,
plaintiffs-appellants herein, in the second action
filed suit on July 21, 1976, against Josephine De-
gen and the Mount Clemens Dairy, Inc., a Michi-
gan corporation, to foreclose the subject mortgage.
These consolidated cases arose out of an August
28, 1957, mortgage on property of the Mount
Clemens Dairy, a family corporation, given to
Alma Degen pursuant to an agreement settling
the debts of the dairy to the estate of Bernard J.
Degen, her husband. The total mortgage amount
was $20,000 which was to be paid in monthly
installments of $150 to Alma Degen during her
lifetime and to her heirs upon her death. The
mortgage contained a power of sale, did not autho-
rize acceleration of the remaining balance upon
default and did not provide for interest. Alma
Degen died June 8, 1968. One of the listed assets
of her estate was this mortgage. No payments
have been made on the mortgage since sometime
in 1959 or 1960 and it is in dispute as to what was
paid prior to 1960.

No action had been taken to enforce or foreclose
the mortgage prior to the instant action.

Plaintiff Josephine Degen in cause one and de-

* Circuit judge, sitting on the Court of Appeals by assignment.

fendant Josephine Degen in cause two filed motions for summary judgment in both cases pursuant to GCR 1963, 117, claiming (1) that the mortgage debt had been forgiven by Alma Degen under a memorandum dated July 18, 1960, which stated: "I am forgiving Clayton Degen, Mt. Clemens Dairy of the balance of moneys on the second mortgage", and (2) that more than 15 years have elapsed since the last payment was made on the mortgage, the subject of the two actions, and foreclosure is barred by the statute of limitations, MCLA 600.5803; MSA 27A.5803. Further, that in case number two the estate of Alma Degen is being probated and the mortgage is listed as an asset, therefore, the personal representative of the estate of Alma Degen is the proper party plaintiff in this action to foreclose the mortgage. An affidavit of Josephine B. Degen in support of the motion for summary judgment was filed with the motion.

The defendants in cause one and plaintiffs in cause two, Ruth Lesnick and Adell D. Jenner, answered said motions in part by stating that they denied that Alma Degen had forgiven the debt on the mortgage and further denied that the purported signature of Alma Degen on the supposed memorandum of discharge is the signature of Alma Degen. They further denied that the statute of limitations, MCLA 600.5803; MSA 27A.5803, bars this action of foreclosure because said statute has as yet not run against the mortgage. Further, that GCR 1963, 207 allows parties to be added or dropped by the court or by motion, and misjoinder or nonjoinder of parties is not grounds for dismissal. At the time of filing their answer to the motion for summary judgment they filed a memorandum of law in support of the answer, which stated in part:

"Movant in this action is also not entitled to Sum-

mary Judgment under this Section, since there is a material issue of fact in question. We have denied the authenticity of the signature of Alma Degen, thereby raising an issue as to its genuineness and further we deny the validity of the release due to lack of consideration. We have thus raised issues which must be adjudicated."

On October 4, 1976, the trial judge granted the motions of summary judgment of Josephine Degen in both cases, discharging the mortgage and dismissing the action for foreclosure of the mortgage brought by Ruth Lesnick and Adell D. Jenner.

In the trial court's opinion on the motions for summary judgment it is stated in part as follows:

"In action A, plaintiff's affidavit in support of the motion for summary judgment asserts payments upon the mortgage in issue were made regularly to Alma Degen from 1957 through 1959 by Mount Clemens Dairy. No further mortgage payment had been made since 1960, nor were any proceedings instituted to enforce or collect on said mortgage prior to the proceeding herein. Further plaintiffs contend the debt was forgiven on 7–18–60 by Alma H. Degen, which is denied.

"MCLA 600.3175 provides:

" 'Discharge of mortgage, land contract, tax lien; action; evidence of payment; judgment

" 'Sec. 3175. (1) Action by owner. When a recorded mortgage on real property, land contract, or tax lien (except tax liens held by the state or any political subdivision of the state) on lands or property has been paid or satisfied or when 15 years have elapsed since the debt or lien secured by the mortgage, land contract, or tax lien became due and payable or since the last payment made upon it, and no civil action or proceedings have been commenced to collect the same and in case of tax deeds when no service of notice to interested persons (of any kind) has been filed with the county clerk, the owner of the land or property may institute

an action in the circuit courts to discharge the mortgage, land contract or tax lien.

" '(2) Evidence of payment, lapse of 15 years, judgment. If it appears to the court at the trial, either by the production in evidence of the original mortgage, land contract, tax lien, bond or bonds, promissory notes to secure the payment of which the mortgage was given, or by any other competent evidence, that the debt or lien secured by the mortgage, land contract, or tax lien has been fully paid both in principal and interest; or if it appears to the court by competent evidence that the debt or lien has been past due for 15 years, or that 15 years have elapsed since the last payment was made on the debt or lien and that no action or proceeding has been commenced to foreclose or perfect the mortgage, land contract, or tax lien the court shall enter judgment to that effect which contains within it the names of the witnesses and the nature of the evidence by which the facts have been made to appear. A minute of this shall be entered in the court's journal. A copy of the judgment, signed by the judge of the court and attested by the clerk of the court under the seal of the court shall be delivered to the plaintiff and may be recorded in the office of the register of deeds for the county or counties in which the mortgage, land contract, or tax lien is recorded in the same manner and with the same effects in all respects as if it were a formal discharge of the mortgage, land contract, or tax lien duly executed by the mortgagee or owner of the land contract or tax lien.'

"Pursuant to MCLA 600.3175 the owner of property subject to the mortgage at issue in this action is entitled to have said mortgage discharged for the reason no payment has been made on said mortgage since 1960, more than 15 years having elapsed since the last payment on the mortgage. An order to deny the motion for reconsideration and the summary judgment may enter."

The first issue is whether there is a material issue of fact present in the case, as to the authenticity of the purported signature of Alma H. Degen

on the claimed memorandum of forgiveness of the debt owing under the subject second mortgage.

The trial court in its written opinion properly ruled that there was a material issue of fact present based upon the pleadings, where the court stated: "Further plaintiffs contend the debt was forgiven of 7–18–60 by Alma H. Degen, which is denied." This finding is supported by the transcript of the hearing on the motion in which the attorney for the heirs of Mrs. Alma Degen stated:

"Now, what Mr. and Mrs., or Mrs. Lesnick and Mrs. Jenner did, they sent me some documents signed by Mrs. Degen, both the actual mortgage itself and further documents, your Honor, and I, after examination—they were sent by Mrs. Lesnick from Lincoln, Michigan, by certified mail to me, and after examining these various quit claim deeds, your Honor, it is obvious that we would deny and, in fact, would have testimony if the parties were here.

"Now, Mrs. Lesnick, as I said, lives in Lincoln and Mrs. Jenner lives outside the jurisdiction as well and it has been very difficult in communicating. They did, in fact, send me documents that had been recorded. Those documents would show that the signature is different than the one that purports to be the instrument."

This ruling of the trial court which we agree with disposes of this part of the appeal.

The only issue remaining is to review the basis upon which the trial court granted summary judgment to plaintiffs in cause one and defendants in cause two, *i.e.*, "Pursuant to MCLA 600.3175 the owner of property subject to the mortgage at issue in this action is entitled to have said mortgage discharged for the reason no payment has been made on said mortgage since 1960, more than 15 years having elapsed since the last payment on the mortgage."

Appellee also contends that foreclosure is barred by the statute of limitations, MCLA 600.5803; MSA 27A.5803, which reads as follows:

"No person shall bring or maintain any action or proceeding to foreclose a mortgage on real estate unless he commences the action or proceeding within 15 years after the mortgage becomes due or within 15 years after the last payment was made on the mortgage. This section limits foreclosure by advertisement and any other entries under the mortgage as well as actions of foreclosure in the courts."

Both the statute of limitations just stated and the discharge of mortgage statute, MCLA 600.3175; MSA 27A.3175, have similar language. Both statutes contain language in the alternative, to-wit, 15 years after the debt (mortgage) becomes due or within 15 years after the last payment was made on the mortgage. Both statutes concern the same subject matter and are to be read *in pari materia* and construed so as to render them harmonious wherever possible.

It was the clear intent of the Legislature, by the discharge statute, to provide a means whereby an owner of encumbered property *after the limitation period for the foreclosure of the mortgage had run* could formally remove the encumbrance and clear the title.

The instant mortgage was to be paid at the rate of $150 per month without interest, commencing in September of 1957. A computation has been made whereby the last monthly payment due would have been in 1968. The foreclosure suit was commenced July 21, 1976.

We must determine whether the trial judge correctly applied the statutes involved so that the mortgage could not be foreclosed 15 years after the

last payment was made on the mortgage. This alternative adopted by the trial court provides for a shorter period in which to foreclose under the facts in this case. The other alternative, 15 years after the mortgage becomes due, provides for a longer period for the mortgage to be valid and to be foreclosed.

The case of *Hiscock v Hiscock,* 257 Mich 16, 24; 240 NW 50 (1932), directly rules on this issue: "The mortgage statute provides two periods of limitations, but in the alternative and not running concurrently, the latest in point of time to govern."

Reading the two statutes together we rule that the latest period of time to run is the proper one to apply, *i.e.,* the correct time to commence to run is from the due date provided in the mortgage.

Now we turn to the question of installment mortgages. The general rule as to installment mortgages is found in Anno: *Statute of limitations as affecting suit to enforce mortgage or lien securing debt payable in installments,* 153 ALR 785, 787, which states as follows:

"The majority doctrine, sometimes adopted by bare assumption, or without discussion of the various elements involved, is that in the case of an instalment mortgage or trust deed (where there is no self-operative acceleration provision—or, if an optional one, no exercise of the option) the statute of limitations runs against foreclosure as to each instalment from the time the instalment becomes due. Obviously such a conclusion may rest in part upon the peculiarities of local law with reference to foreclosures, including provisions governing instalment foreclosures. The following cases support the doctrine stated:

\*   \*   \*

"Michigan.—*Stringer v Gamble* (1909) 155 Mich 295, 118 NW 979, 30 LRA (NS) 815 (doctrine stated)."

The case of *Stringer v Gamble,* 155 Mich 295, 300; 118 NW 979 (1909), is directly on point:

"I am of opinion that in this case the court should adopt the rule of the statute affecting the foreclosure of mortgage liens, and that a decree should pass for such sums only as were not 15 years past due at the time of filing the bill. No trust relation existed between the wife and the devisee of the land. The wife died February 28, 1897. As to each annual installment unpaid, the statute began to run during her life. Thomas Stephens died April 9, 1903. The bill was filed on or about February 26, 1907. All payments falling due prior to February 26, 1892, are barred."

We follow *Stringer v Gamble* and rule that all payments due after July 21, 1961, are viable and may be foreclosed. All payments due on or before July 21, 1961, are barred.

MCLA 600.3204(4); MSA 27A.3204(4), pertaining to foreclosure by advertisement where the mortgage contains a power of sale, and providing that each installment be treated as a separate and independent mortgage and may be foreclosed separately, supports our ruling in these cases.

Reversed and remanded for further proceedings in accord with this opinion. Costs to appellants.