*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DOLORES R. YANOVER, Trustee of
DOLORES R. YANOVER REVOCABLE TRUST,

UNPUBLISHED
August 25, 2022

        Plaintiff-Appellant,

v

No. 357274
Wayne Circuit Court

BETTY SUE HANCOCK,

LC No. 19-016638-CK

        Defendant-Appellee.

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

In this action for breach of contract and mortgage foreclosure, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

On May 21, 1990, plaintiff Dolores R. Yanover, trustee of the Dolores R. Yanover Revocable Trust, loaned defendant (her neighbor) $60,000 in exchange for a note and mortgage on defendant's home in Northville. Though not relevant to the issue presented, the purpose of the loan was to allow defendant and her special needs child to remain in the marital home after her divorce. Under the mortgage and note, defendant owed a monthly payment to plaintiff, beginning on June 21, 1990. The mortgage and note also contained a clause requiring the balance of the mortgage note, if not paid off sooner, to become due on May 21, 1995. Sometime later, plaintiff loaned defendant another $20,000, though no documents were signed to memorialize this loan.

Plaintiff never received any payments on the $60,000 mortgage. Because of this, on June 28, 2000, plaintiff prepared a letter for defendant to sign because she believed defendant needed to be reminded that she still owed money to plaintiff. The letter read:

Dear Ms. Hancock,

        I have one outstanding Note and Mortgage on your residence totaling $60,000.00 principal, a copy of which is attached. The purpose of this letter is to

reaffirm that the interest, which has never been paid and has accrued since 1990, has not been forgiven. The total amount of interest currently due is $66,000 plus.

By signing the bottom of this letter, you are reaffirming that this debt not only still exists, but that the interest continues to accrue.

Defendant signed the letter directly below the following statement: "I reaffirm the debt mentioned above still exists and I acknowledge the fact that the interest continues to accrue on this debt."

Sometime after this letter was signed, defendant paid plaintiff $30,000 dollars for the unsecured loan—the $20,000 principal plus $10,000 in interest. Neither party knows exactly when this occurred, but plaintiff testified this unsecured loan was paid off sometime in 2000. Consistent with much of defendant's testimony,[1] she did not recall the $20,000 unsecured loan or if she had paid off the unsecured loan.

Plaintiff filed a three-count complaint on December 3, 2019, alleging breach of contract, unjust enrichment, and requesting foreclosure of the property. Defendant answered, pleading affirmative defenses, including that the statutes of limitations barred plaintiff's claims. Defendant moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), which the trial court granted, finding the statutory limitations period had already run for plaintiff's claims. This appeal followed.

## II. STANDARD OF REVIEW

Although defendant moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10), the trial court's reasoning for granting summary disposition in favor of defendant was because the statute of limitations for each claim had run. Thus, we review the trial court's decision under MCR 2.116(C)(7). *Williamstown Twp v Hudson*, 311 Mich App 276, 288; 874 NW2d 419 (2015) ("[W]here a court's opinion does not invoke the proper court rule supporting its ruling, we may look to the substance of the holding to determine which rule governs.").

"Pursuant to MCR 2.116(C)(7), a party may move to dismiss a claim on the ground that the claim is barred by the applicable statute of limitations." *Frank v Linkner*, 500 Mich 133, 140; 894 NW2d 574 (2017). Whether a cause of action is barred by the statute of limitations is a question of law, which is reviewed de novo. *Id*. "When it grants a motion under MCR 2.116(C)(7), a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (quotation marks and citation omitted).

---

[1] Defendant is in her nineties and has memory trouble, and as a result, her daughter, Carrie Hancock, was granted durable power of attorney for defendant in 2016. In Carrie's affidavit, she explains defendant has suffered four strokes, and her mental and physical health are declining. Carrie states defendant "is easily confused and overwhelmed during conversations," and "doesn't remember people, dates, events, or facts with any regularity, and she has not been able to assist [Carrie] or her counsel in defending this litigation."

III. ANALYSIS

Plaintiff cites two separate statutes of limitations on appeal. First, the statute of limitations for actions on a promissory note is MCL 440.3118, which states:

> (1) Except as provided in subsection (5), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within 6 years after the due date or dates stated in the note or, if a due date is accelerated, within 6 years after the accelerated due date.

Second, the statute of limitations to foreclose a mortgage is MCL 600.5803, which states, in relevant part:

> No person shall bring or maintain any action or proceeding to foreclose a mortgage on real estate unless he commences the action or proceeding within 15 years after the mortgage becomes due or within 15 years after the last payment was made on the mortgage.

Both the mortgage and note provided that monthly payments would begin on June 21, 1990, and the entire balance of the mortgage would be due May 21, 1995. Assuming, as plaintiff has consistently stated in discovery, no payments were made by defendant on the mortgage note, the limitations period for the promissory note began on May 21, 1995, and would end six years after the mortgage's due date, May 21, 2001. Assuming the same, the limitations period applicable to foreclosure of the mortgage began on May 21, 1995, and would end 15 years after the due date, or May 21, 2010.

Plaintiff argues that knowing whether a payment was made, and when, is crucial in determining the limitations period for a foreclosure action. Thus, plaintiff argues, the trial court erred when it determined the statute of limitations barred plaintiff's claim because the trial court necessarily had to resolve a question of fact to reach this conclusion. Plaintiff points to defendant's denial of plaintiff's assertion that no payment was made on the $60,000 mortgage, arguing there is a question of fact on whether any payment was made.

Plaintiff, however, consistently states in her affidavit and pleadings that she never received any payment on the $60,000 mortgage, and consistently stated that the $30,000 payment received from defendant was for the separate, unsecured loan. Accepting plaintiff's well-pleaded allegations as true, which this Court is required to do in reviewing a motion for summary disposition under MCR 2.116(C)(7), and the affidavit signed by plaintiff, the trial court did not err in concluding that no payment was made on the mortgage, and finding without more that the statutory limitations period barred plaintiff's claims. *McLean v Dearborn*, 302 Mich App 68, 72-73; 836 NW2d 916 (2013).[2]

---

[2] Although defendant's advanced age and problems with her memory created contradicting statements regarding payment, plaintiff's position remained consistent that no payment was made on the mortgage, and the trial court's conclusions are consistent with plaintiff's own testimony in which she states multiple times no payment was ever received.

This conclusion does not, however, resolve the matter. For what also comes into play is the letter signed by defendant, which reaffirmed the existing debt, which plaintiff argues started a new statutory limitations period. The June 28, 2000, letter was signed prior to the expiration of the statute of limitations running on any claims, a point plaintiff's counsel made during arguments before this Court. Thus, MCL 600.5866[3], which governs revival of a claim, is inapplicable.

Nonetheless, the common law supports plaintiff's argument. As recognized in a leading treatise on the common law of contracts, a new promise to pay an existing debt that is not barred by a limitations period is supported by consideration and restarts the limitations period:

> If a debtor makes a new promise to the creditor to pay the existing debt (no bar having yet arisen), this promise is enforceable, because it is sufficiently supported by the existing legal duty of the promisor. This has been previously discussed in prior § 211 of this treatise. In such a case the creditor's remedy on the new promise is not barred by statutory limitation until the lapse of the full period counting from the time of breach of this new promise. Such a promise extends the time for enforcement. [3 Corbin, Contracts (rev ed), § 9.5, p 255]

Case law applying the common-law adheres to this rule. See, e.g., *US v Gardner*, 528 F2d 715, 719 (CA 6, 1976); *US v Upper Valley Clinic Hosp, Inc*, 615 F2d 302, 306 (CA 5, 1980) ("Contract law recognizes that a debtor's new promise to pay an existing obligation begins anew the prescriptive period."); *Bourisk v Amalfitano*, 379 A2d 149, 152 (Me, 1977).

The question, then, is whether the June 2000 agreement acknowledged the existing debt. "[N]o set form of words i[s] necessary to constitute a sufficient acknowledgment of indebtedness." *In re Booth's Estate*, 326 Mich 337, 343; 40 NW2d 176 (1949). In *In re Booth's Estate*, the Court considered whether the decedent's signature on a document constituted "a sufficient acknowledgement" of indebtedness "to remove the bar of the statute of limitations." *Id*. The letter asked the decedent to "certify" the indebtedness by signing below the statement "[c]ertified to be correct." *Id*. at 341. The Supreme Court found his acknowledgment raised "a presumption of an implied promise to pay the obligations." *Id*. at 344.

Here, there was no genuine issue of material fact that the June 28, 2000, letter renewed the debt. The letter clearly states that defendant endorsed the existing debt by signing below the statement: "I reaffirm the debt mentioned above still exists and I acknowledge the fact that the interest continues to accrue on this debt." Equally important is defendant's acknowledgment that she was "reaffirming that this debt not only still exists, but that the interest continues to accrue." These statements were sufficient to raise "a presumption of an implied promise to pay the obligation[]." *In re Booth's Estate*, 326 Mich at 344. The "acknowledgment" signed by defendant is not functionally different from the request to "certify" the debt in *In re Booth's Estate*.

---

[3] MCL 600.5866 states: "Express or implied contracts which have been barred by the running of the period of limitation shall be revived by the acknowledgment or promise of the party to be charged. But no acknowledgment or promise shall be recognized as effective to bar the running of the period of limitations or revive the claim unless the acknowledgment is made by or the promise is contained in some writing signed by the party to be charged by the action."

Turning to the second question, i.e., when the statutory limitations period began after the renewal of the debt, plaintiff correctly argues that the letter renewed the debt such that the original terms of the mortgage and note began anew at the date of signing. Corbin, § 9.5; *Gardner*, 528 F2d at 719; *Upper Valley Clinic Hosp, Inc*, 615 F2d at 306 (CA 5, 1980); *Amalfitano*, 379 A2d at 152. Thus, the five-year payment plan recommenced on June 28, 2000, making the final payment due five years later, on June 28, 2005.

With respect to the foreclosure claim, MCL 600.5803 provides that "[n]o person shall bring or maintain any action or proceeding to foreclose a mortgage on real estate unless he commences the action or proceeding within 15 years after the mortgage becomes due or within 15 years after the last payment was made on the mortgage." In applying this language to an installment mortgage like the instant one, our Court held that a foreclosure action was timely on any unpaid payments that were due within 15 years of filing the complaint. *Degen v Degen's Estate*, 80 Mich App 573, 581-582; 264 NW2d 64 (1978), relying upon *Stringer v Gamble*, 155 Mich App 295, 300; 118 NW 979 (1909). In *Degen*, plaintiff filed suit on July 21, 1976, to foreclose on an August 28, 1957 mortgage that required monthly payments until the debt was paid. *Degen*, 80 Mich App at 575. Although some payments were made prior to 1960, none were made thereafter. *Id*. The trial court dismissed the case, holding that the 15-year statute of limitations barred the suit since the last payment was made before 1960. *Id*. at 577. This Court reversed, holding that installment payments under a mortgage "the statute of limitations runs against foreclosure as to each instalment from the time the instalment becomes due." *Id*. at 581, quoting Anno, Statute of limitations as affecting suit to enforce mortgage or lien securing debt payable in installments, 153 ALR 785, 787. Thus, using the same 15-year statute of limitations, the Court held that any unpaid installment payments due after July 21, 1961 (15 years prior to filing the complaint) were actionable. *Id*. at 582.

Here, plaintiff's complaint was filed on December 3, 2019, alleging breach of contract, unjust enrichment, and foreclosure. Applying the 15-year statute of limitations period under MCL 600.5803, plaintiff could seek foreclosure of the mortgage on any unpaid amounts due on or after December 3, 2004. *Degen*, 80 Mich App at 582. The renewed contractual promise defendant made on June 28, 2000, extended the contract such that defendant had five years, or until June 28, 2005, to make the full monthly payments required by the note. Consequently, plaintiff's foreclosure action was not time barred to the extent it is based upon any missed installment payments due between December 3, 2004, and June 28, 2005.[4] Because the statutes of limitation for the breach of contract and unjust enrichment claims are much shorter, the trial court properly dismissed those claims.

---

[4] *Yeiter v Knights of St Casimir Aid Society*, 461 Mich 493; 607 NW2d 68 (2000), does not require a different conclusion. For one thing, *Yeiter* did not involve a mortgage foreclosure, nor did it address a subsequent renewal of a contract that was not yet barred by a limitations period. Additionally, *Yeiter*'s rationale—that a payment under a contract that can no longer be sued upon because of the statute of limitations restarts the statute—is consistent with the conclusion in *Degen* regarding the running of the statute from each missed installment payment.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. No costs, neither party prevailing in full. MCR 7.219(A). We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello