BALAHOSKI v. KENT CIRCUIT JUDGE.

1. APPEAL AND ERROR—NO BILL OF EXCEPTIONS NECESSARY TO REVIEW ON WRIT OF ERROR UNDER SUPREME COURT RULE 11.
    No bill of exceptions is necessary, under Supreme Court Rule No. 11, to review the action of the circuit judge on writ of error; the execution of the writ being made to appear by a return of the writ with a transcript of the

record annexed, officially certified by the clerk of the court.

2. SAME—ORDER FOR SECURITY FOR COSTS NOT REVIEWABLE.
   The Supreme Court will not review the discretion of a circuit judge who makes or denies an order for security for costs.

3. DISMISSAL AND NONSUIT — CASE PROPERLY DISMISSED FOR FAILURE TO GIVE SECURITY FOR COSTS.
   The trial court properly dismissed a case for plaintiff's failure to comply with an order requiring security for costs after reasonable opportunity to comply therewith had been given.

Mandamus by Anna Balahoski to compel Major L. Dunham, circuit judge of Kent county, to settle a bill of exceptions. Submitted April 17, 1928. (Calendar No. 33,664.) Writ denied June 4, 1928.

*Michael Garvey,* for plaintiff.

*Dilley, Souter & Dilley,* for defendant.

POTTER, J.   Plaintiff applies for mandamus to compel Major L. Dunham, judge of the circuit court for Kent county, to settle the bill of exceptions. November 18, 1927, plaintiff commenced suit in the circuit court for Kent county upon a policy of insurance against the Continental Casualty Company, defendant. Defendant's appearance was entered, and a motion made for security for costs. An order was granted. The security not having been furnished, the case was later dismissed for a failure to furnish security for costs. Plaintiff files application for mandamus requiring the circuit judge to settle and sign the bill of exceptions.

No bill of exceptions is necessary, under Supreme Court Rule No. 11, to review the action of the circuit judge on writ of error. The execution of a writ of

error is made to appear by a return of the writ with a transcript of the record annexed, officially certified by the clerk of the court.    Scott v. Brown, 175 Mich. 447.

This court will not review the discretion of a circuit judge who makes or denies an order for security for costs.    It is proper to dismiss plaintiff's case for failure to comply with an order requiring security for costs, a reasonable opportunity having been given to comply therewith.    Goodenough v. Burton, 146 Mich. 50.

Writ denied.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.