## *In re* FORD'S ESTATE.

### BRYANT *v.* FORD.

1. ESTATES OF DECEDENTS—CLAIMS AGAINST ESTATES—DISCRETION OF COURT—REFEREES' FEES—COSTS.

   The probate court, in its discretion, is authorized to allow costs to the prevailing party in connection with any contested claim against the estate of a deceased person, including fees of the referee (CL 1948, § 708.4).

2. SAME—CLAIMS AGAINST ESTATES—REFEREES' FEES—PAYMENT.

   Provision of statute that referee should receive his compensation for hearing claims against the estate of a deceased person from the estate itself is merely for his protection and does not bar the estate, after having paid it to him, from recovering it from a losing claimant in cases where the estate prevails (CL 1948, § 708.6).

3. SAME—CLAIMS AGAINST ESTATES—REFEREES' FEES—CONSTRUCTION OF STATUTES—COSTS.

   The statutory requirement that a tardy claimant against the estate of a decedent pay all costs resulting from his application and the proceedings had thereon in probate court, or before the referee, operates beyond another provision making only the losing party liable for costs, by making the tardy claimant liable for costs, including referees' fees, even when he prevails and does not modify the grant of authority to the probate court to allow costs to the prevailing party, including referees' fees, regardless of whether the claim was tardily filed or not (CL 1948, §§ 708.4, 708.18).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 14 Am Jur, Costs §§ 55, 57.
[4–9] 14 Am Jur, Costs § 39 *et seq.*
[4–9] Statute regarding security for costs as mandatory or permitting exercise of discretion.  84 ALR 252.
   What is an action within statute requiring security for costs.  131 ALR 1476.

4. SAME—CLAIMS AGAINST ESTATES—SECURITY FOR COSTS—REF-
EREES' FEES.

Referees' fees in proceedings on claims against the estates of
. decedents are costs which may be included within the costs
for payment of which the probate court is authorized to re-
quire a resident claimant to furnish security, when it shall
appear reasonable and proper to the court, since they are
allowable to a prevailing estate against a losing claimant
(CL 1948, §§ 708.4, 708.5).

5. SAME—CLAIMS AGAINST ESTATES—DISCRETION OF COURT—SE-
CURITY FOR COSTS—REVIEW.

Neither the circuit court nor the Supreme Court may review the
discretion of the probate judge who makes or denies an order
for security for costs in a proceeding by a resident claimant
against the estate of a deceased person, the inquiry being di-
rected solely to the question of the probate court's abuse of
discretion (CL 1948, § 708.4).

6. SAME—CLAIMS AGAINST ESTATES—SECURITY FOR COSTS—REF-
EREES' FEES.

Probate court's requirement that resident claimant against es-
tate of his deceased sister furnish security for costs in the
amount of $30,000, largely for prospective fees of 2 referees
who had been appointed to determine plaintiff's claim for
$30,000,000 estate held, not an abuse of discretion (CL 1948,
§§ 708.4, 708.5).

7. SAME—CLAIMS AGAINST ESTATES—SECURITY FOR COSTS—DISCRE-
TION OF COURT—FINANCIAL RESPONSIBILITY OF CLAIMANT.

A showing by defendants of plaintiff claimant's financial irre-
sponsibility is not a prerequisite to the exercise of the author-
ity conferred upon the probate court to require security for
costs of a resident claimant "when it shall appear reasonable
and proper to the court" (CL 1948, § 708.5).

8. SAME—CLAIMS AGAINST ESTATES—SECURITY FOR COSTS—MERI-
TORIOUS CLAIM—GOOD FAITH.

A claimant against the estate of a deceased person may be
authorized to proceed on his claim without furnishing security
for costs by showing inability to do so and that he is making
a meritorious claim in good faith (CL 1948, § 708.5).

9. SAME—CLAIMS AGAINST ESTATES—SECURITY FOR COSTS—WAIVER.

Defendants did not waive their right to have plaintiff claimant
against estate of decedent be required to furnish security
for costs, where their motion to require such security was
:

filed within 2 days after the appointment of referees whose prospective fees form the main portion of costs, even if plaintiff were entitled to claim waiver when claim was made for first time in brief on appeal (CL 1948, § 708.5).

Appeal from Wayne; Weideman (Carl M.), J. Submitted March 2, 1954. (Calendar Nos. 46,027, 46,028.) Decided April 5, 1954. Rehearing denied June 7, 1954.

Edgar Leroy Bryant filed his claim in the estate of his sister, Clara J. Ford, deceased, asserting breach of her promise to make him sole beneficiary under her will. Probate court ordered security for costs in amount of $30,000. Claimant appealed to circuit court, where order entered vacating such order and remanding case to probate court for additional proceedings to determine executors' right to security for costs and amount thereof. Separate appeals by both parties. Reversed, and the order of the probate court affirmed.

*Edward N. Barnard,* for plaintiff.

*Bodman, Longley, Bogle, Armstrong & Dahling* (*Clifford B. Longley* and *Henry C. Bogle,* of counsel), for defendant executors.

DETHMERS, J. Plaintiff filed a claim in this estate for $30,000,000, supported by a bill of particulars which alleged that he had performed services for decedent's husband for which the latter had promised but failed to compensate him, and that in consideration of his promise, performed by him, to refrain from importuning or negotiating with the husband concerning this and other matters and to continue his care, interest and advice to her, decedent promised, but failed, to leave her entire estate to him. The probate court appointed 2 referees to hear the claim. Two days later defendants moved

that plaintiff be required to furnish security for costs, alleging, in their motion and supporting affidavit, as grounds, the "extraordinary character and amount of this claim," "the large amount of costs that may accrue in connection therewith," and that "Claimant has failed to show that his claim is meritorious or that it is made in good faith." Plaintiff filed no answer. After hearing the probate court ordered plaintiff to furnish security for costs in the amount of $30,000. Upon leave granted plaintiff appealed to the circuit court. There he adduced proofs to show that security had been denied in many estates in the same probate court and that, when required, it had been for amounts varying from $100 to $1,000, but the valuations of none of those estates or of the claims involved were comparable to this and in some no referees had been appointed. Defendants showed, from the files of the probate court, that, in a recently probated estate involving claims totalling $2,000,000 and claimants represented by the same counsel as here, 2 referees were appointed and thereafter allowed fees of $20,000 each. After hearing the appeal herein the circuit court entered an order vacating the order of the probate court and remanding the cause but "reserving the right to the executor of the estate, on a proper showing before the court, to demand a bond based upon the facts and necessities of the case, to determine the amount of the bond that is necessary to protect the estate."

Plaintiff and defendants have taken separate appeals from the circuit court's order. We consider them together. Plaintiff complains of that portion of the order remanding the matter to the probate court and reserving to it the right to make further determination concerning a bond for security for costs. He seeks reversal thereof and entry of an order here or in the circuit court either denying defendants' motion, or, in the alternative, requiring

·plaintiff to furnish security in an amount not to exceed $200 to cover witness and statutory attorney fees only, but not referees' fees. Defendants, on the other hand, seek reversal of the circuit court order and affirmance of that of the probate court.

The primary legal question presented is whether it is competent for a probate court to require a resident claimant, whose claim is not tardy, to furnish security for costs including compensation of referees. Applicable sections of the Compiled Laws of 1948 are:

"708.4 Costs, allowance of upon contested claim; attorney fee.

"Sec. 4. Costs in the discretion of the probate court may be allowed the prevailing party in connection with any contested claim, which costs, if so allowed by the court, shall include witness fees, except for the claimant and the fiduciary if they appear as witnesses, taxed at the same rate as in cases in circuit court, and the fees of the referee, if any shall be included, and the court in its discretion may allow the prevailing party an attorney fee of not exceeding $25.00 in connection with any 1 claim.

"708.5 Security for costs, furnishing of, by claimants; procedure.

"Sec. 5. On motion of the fiduciary, all claimants who are nonresidents of the State of Michigan shall be, and all other claimants, when it shall appear reasonable and proper to the court, may be required to furnish sufficient surety or sureties, to be approved by the court, and who shall justify in double the amount of security ordered, for all such costs as may be awarded to the fiduciary, and such sureties shall be liable for all costs awarded either in the court of original jurisdiction, or in any appellate court: Provided, That in case any claimant except a nonresident of the State shall show the court that he is unable to comply with such order, if the court shall be satisfied that the claimant states a meritorious claim, and that the claim is made in good faith,

the claimant shall be allowed to proceed in such action without giving security for costs.

"708.6 Referees serve at pleasure of appointing judge; fees.

"Sec. 6. No referee so appointed shall receive any fee or perquisite other than as herein provided. Any referee, so appointed, shall serve at the pleasure of the probate judge making such appointment. He shall receive from each estate, the claims against which are assigned to him for hearing, such reasonable compensation as the judge of probate shall determine: Provided, however, That in any such county in which the board of supervisors may provide an annual or monthly salary for such referee or referees, no charge shall be made against any such estate for the services of such referee.

(Note: No provision has been made in Wayne county for any salary for such referees.)

"708.18 Filing of tardy claims; application; costs; notice to fiduciary.

"Sec. 18. On the application of a creditor who has failed to present his claim, if made within 18 months following the time originally fixed by the court for the presentation of claims, and before such estate is closed, the judge of probate shall allow further time, not exceeding 1 month, for such creditor to present his claim, which claim may then be heard by the court or referred to a referee as hereinbefore provided: Provided, That all costs and charges resulting from said application and the proceedings thereon had in probate court, or before the referee shall be paid by the party making the application."*

Construing these statutory provisions, plaintiff reasons that security may be required, under section 5, only "for all such costs as may be awarded to the fiduciary"; that, under section 6, referees may receive fees only from the estate and not from a claimant; that it is only in the case of a tardy claim that

* Stat Ann 1943 Rev §§ 27.3178(414)–27.3178(416), 27.3178(428). —REPORTER.

a prevailing estate may recover referees' fees from a claimant, as provided in section 18; that, under section 4, a prevailing estate may be allowed costs to cover referees' fees only "if any"; and that there is no statutory authorization for "any" except in the case of tardy claims under section 18, so that the term "if any" in section 4 must be considered to refer exclusively to cases of tardy claims. We think plaintiff's reasoning fallacious.

The plain, unambiguous language of section 4 authorizes the probate court, in its discretion, to allow costs to "the prevailing party in connection with any contested claim, * * * and the fees of the referee, if any shall be included." While section 6 entitles the referee to receive his fee from the estate, that provision is merely for his protection and in no sense a bar to the right of the estate, after payment of such fee by it to the referee, to recover the same from the losing claimant, as provided in section 4, in cases where the estate prevails. Section 4 cannot be read to mean anything else than that. The provision of section 18 that a claimant filing a tardy claim shall pay all costs resulting from his application and the proceedings thereon operates, beyond the provisions of section 4 making the losing party liable for costs, to make a tardy claimant liable for the costs, including the referees' fees, even when he prevails. So held in *In re Booth's Estate,* 326 Mich 337. Section 18 in nowise modifies the provisions of section 4 permitting the probate court to allow costs to a prevailing party, including referees' fees, regardless of whether the claim was tardily filed or not. It follows that referees' fees, being allowable to a prevailing estate against a losing claimant, are, in the language of section 5, "such costs as may be awarded to the fiduciary" and, hence, may be included within the costs for payment of which the probate court is authorized, under that section, to

require claimant to furnish security. While the provisions of section 5 are mandatory only in cases of nonresident claimants, they expressly permit the court to require furnishing of security for costs by resident claimants "when it shall appear reasonable and proper to the court."

Holding, as we do, that the statute empowers the probate court to make such order, in its discretion, when it shall appear reasonable and proper to that court to do so, the question remains whether, as relates to this resident claimant and this particular case, the court was correct in exercising that authority and in fixing the bond in so large an amount. In that connection the parties discuss the subsidiary question of whether the appeal from probate to circuit court was a general appeal, to be heard *de novo* and decided on the record made in circuit court, with the burden of proof on defendants to show that an order for security for costs was reasonable and proper under the facts of the case, or, on the other hand, whether the appeal was one in the nature of certiorari or mandamus, limited to a determination of the probate court's abuse of discretion, to be based on the record made in the probate court, with the burden of proof in that regard resting on plaintiff. We do not consider an answer essential to decision here. *Goodenough* v. *Burton,* 146 Mich 50; and *Balahoski* v. *Kent Circuit Judge,* 243 Mich 70, laid down the rule that, "This Court will not review the discretion of the circuit judge who makes or denies an order for security for costs." The statute reposes a like discretion in the probate court with respect to orders for security for costs. We conclude that the same rule ought to be held to apply in appeals from such orders of the probate court. Under such rule our inquiry, and that of the circuit court, is directed solely to the question of the probate court's abuse of discretion. The unanswered allegations of

defendants' motion and supporting affidavit regarding plaintiff's claim, the files of this case containing that claim, and the files in other cases in that court (of which it might properly take judicial notice— *Wilkinson* v. *Conaty,* 65 Mich 614; *People* v. *Fleisher,* 322 Mich 474), disclosing the extent to which costs may reasonably be expected to mount in proceedings such as this, afforded ample basis for the probate court's exercise of its discretion and its finding that it appeared to be reasonable and proper, as provided in section 5 of the statute, to require security for costs in the amount ordered. That record and, as well, the record made in circuit court, should have been persuasive to the latter, as it is to us, of the applicability here of the rule in *Goodenough* and *Balahoski.*

There is nothing in section 5 of the statute or elsewhere to support plaintiff's contention that a showing by defendants of plaintiff's financial irresponsibility is prerequisite to the exercise of the authority which said section confers upon the probate court to require security for costs. Slanting in the opposite direction is *Buckley* v. *Johns,* How NP 64 (Wayne CC 1868), holding that a resident plaintiff ought not to be compelled to file security for costs simply because he is poor. To alleviate such hardship as might result from our holding herein to a resident claimant section 5 provides that in case he "shall show the court that he is unable to comply with such order, if the court shall be satisfied that the claimant states a meritorious claim, and that the claim is made in good faith, the claimant shall be allowed to proceed in such action without giving security for costs." Plaintiff attempted no such showing here. His claim that defendants waived their right to security for costs by failing to make a timely motion therefor is raised for the first time in his brief on appeal here and, accordingly, is not

entitled to be considered now, nor is it meritorious inasmuch as defendants' motion was filed within 2 days after the appointment of referees whose prospective fees form the main bone of contention here.

In view of our holding, as above, plaintiff's motion to dismiss defendants' appeal is, for obvious reasons, denied.

The order of the circuit court is reversed and that of the probate court affirmed, with costs to defendants.

Butzel, C. J., and Carr, Bushnell, Sharpe, Boyles, Reid, and Kelly, JJ., concurred.