FLANAGAN v GENERAL MOTORS CORPORATION

Docket No. 78-3774. Submitted December 11, 1979, at Detroit.—Decided March 4, 1980.

Plaintiff, William S. Flanagan, Sr., brought a malicious prosecution action against General Motors Corporation, Dallas Flesher, a Pontiac police detective, and Larry Thompson, a General Motors employee. Flanagan was charged, prosecuted and acquitted on charges arising out of a scheme by Thompson to fraudulently obtain payment from General Motors for undelivered goods as a result of Thompson's having named Flanagan as a co-conspirator. Defendants General Motors and Dallas Flesher moved for summary judgment on the basis that plaintiff failed to allege sufficient facts to state a cause of action. The Oakland Circuit Court, Richard D. Kuhn, J., granted the motion for summary judgment after having set forth in its written opinion the factual allegations the court deemed would be necessary to state a cause of action for malicious prosecution. Plaintiff filed an amended complaint which incorporated two new paragraphs which were almost verbatim the language used by the court in its opinion as to the facts necessary to state a cause of action. Defendants General Motors and Dallas Flesher moved for summary judgment on the amended complaint on the basis that the new "facts" were "mere conclusions". Judge Kuhn granted the renewed motion for summary judgment. Defendant Thompson moved for summary judgment on the basis that the amended complaint failed to allege sufficient facts with respect to Thompson specifically to state a cause of action. Thompson's motion for summary judgment was also granted. Plaintiff appeals. *Held:*

    1. Since a motion for summary judgment is tested by the

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading §§ 229, 230.

[2] 20 Am Jur 2d, Costs § 37.

[3] 61 Am Jur 2d, Pleading § 181.

[4] 46 Am Jur 2d, Judges §§ 180, 181.

    Disqualification of judge for having decided different case against litigant. 21 ALR3d 1369.

pleadings alone, and since all well-pleaded material allegations must be taken as true, the trial judge erred in granting the motion for summary judgment made by the corporation and the police detective. Even though the trial court had reason to believe that plaintiff would not be able to present the proofs necessary to support the allegations made in the amended complaint, the factual allegations in the complaint were sufficient to state a cause of action upon which relief could be granted.

2. The remedy provided in the general court rules to protect parties against groundless and unwarranted factual allegations in a pleading is the right of a party against whom such a pleading is filed to secure costs if the pleading is found to have been made in bad faith and the right to demand security for those costs. Summary judgment is not to be used as a remedy for bad faith allegations, since for the purpose of summary judgment the allegations in the pleading must be taken to be true.

3. While the new paragraphs in the amended complaint did not specifically refer to defendant Thompson, they are deemed to include him, since the gist of the entire complaint was that Thompson was equally liable with the other defendants.

4. The fact that the trial judge presided in prior criminal actions arising out of the events that ultimately gave rise to the present malicious prosecution action does not disqualify that judge from presiding in this civil action.

Reversed and remanded.

1. JUDGMENT — SUMMARY JUDGMENT — WELL-PLEADED FACTS — PROOFS — COURT RULES.

A motion for summary judgment is tested by the pleadings alone and all well-pleaded material allegations must be taken as true; accordingly, summary judgment should not be granted where the factual allegations are sufficient to state a cause of action upon which relief could be granted, even if there is reason to believe that the plaintiff will not be able to present the proofs necessary to support the allegations (GCR 1963, 111).

2. PLEADING — UNWARRANTED ALLEGATIONS — SUMMARY JUDGMENT — COSTS — SECURITY FOR COSTS — COURT RULES.

The remedy provided in the general court rules to protect against groundless and unwarranted factual allegations in a pleading is not the granting of summary judgment, but rather, the remedy is the right to secure costs if the pleadings are found to have been in bad faith and the right to demand security for those costs (GCR 1963, 109, 111.6).

3. PLEADING — SPECIFIC ALLEGATIONS — APPLICABILITY TO SPECIFIC DEFENDANTS — GIST OF THE COMPLAINT.

Specific paragraphs of a civil complaint which do not specifically refer to one of multiple defendants may, nevertheless, be held to encompass that particular defendant where the gist of the entire complaint is that the particular defendant is equally liable with the other defendants.

4. JUDGES — DISQUALIFICATION — PRESIDING OVER PRIOR ALLIED ACTIONS.

A judge need not be disqualified from presiding in a malicious prosecution case in which a jury trial has been requested by reason of the fact that the trial judge presided in prior criminal actions which arose out of the same factual background that is at issue in the malicious prosecution action.

*Keller & Avadenka, P.C.,* for plaintiff.

*Devine & Falvay,* for defendant General Motors Corporation.

*Wilson, Portnoy, Basso & Leader, P.C.* (by *James M. Pidgeon),* for defendant Flesher.

*Kuirsky & Sharbaugh,* for defendant Thompson.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

P. C. ELLIOTT, J.

FACTS

Claiming malicious prosecution, plaintiff sued General Motors Corporation (hereafter GM), Dallas Flesher, a detective of the Pontiac police force, and Larry Thompson, a GM employee. The complaint alleged that: Thompson was involved in a fraudulent scheme to obtain payment from GM of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

undelivered goods; when the scheme was discovered, Thompson admitted his guilt and named Flanagan as a coconspirator; Flesher and GM employees threatened Flanagan with prosecution unless he would admit guilt and implicate others; and when Flanagan said he was innocent, he was prosecuted and acquitted. The prosecution, Flanagan claimed, was malicious and without probable cause on the unverified word of an admitted thief. He further alleged that as a result of that prosecution he suffered disgrace, a heart attack and medical and legal expense.

The trial judge had presided at jury trials convicting two other GM employees based on information also furnished by Thompson. The trial judge's written opinion granting summary judgment to defendants GM and Flesher explained why he felt the allegations of the complaint were insufficient. Plaintiff then amended his complaint to add, almost verbatim, what the judge had held was required:

"10. The defendants General Motors Corporation and Dallas Flesher gave information to a public official which information was known to be false, or seriously incomplete or contrived.

"11. The desire of the defendants General Motors Corporation and Dallas Flesher to have criminal proceedings initiated against the plaintiff William S. Flanagan Sr., was expressed by direction, request, or pressure of a complaint such as to be the determining factor in the official's decision to commence the prosecution, and that the information upon which General Motors Corporation and Dallas Flesher acted was not of such and from such sources that the generality of businessmen of ordinary care, prudence and discretion would prosecute upon it under the same conditions."

Summary judgment was entered a second time

on a renewed motion of GM and Flesher. The second opinion said:

"Plaintiff's Second Amended Complaint merely pleads the necessary elements to the cause of action without alleging the facts which make up those elements. In *Plassey v Lowenstein and Son,* 330 Mich 525, 528 [48 NW2d 126] (1951), the Court said 'But allegations of mere conclusions are not sufficient to save a pleading from dismissal on proper motion'."

Paragraphs 10 and 11 of the amended complaint allege what the judge had earlier ruled was required; they parrot his first opinion. We are called upon to decide only whether those paragraphs are "mere conclusions" that can be disregarded. We find that they state "ultimate facts", if true, and that the summary judgment was error.

## OPINION

" 'Frankly, the distinction between averments of ultimate fact and mere conclusions of the pleader is not always too easy to make. But the modern tendency is not to regard such distinctions too critically, and, as the supreme court of 1 of our neighboring States has well said, "it will not do to pursue too far metaphysical distinctions between allegations of fact and conclusions of law." ' " *Flynn v Brownell,* 371 Mich 19, 27; 123 NW2d 153, 157 (1963).

"(T)he distinction between pleading facts and conclusions should not be applied so formalistically as to bar possibly meritorious claims on technicalities." *Binder v Consumers Power Co,* 77 Mich App 343, 347; 258 NW2d 221, 224 (1977)

The interesting comments to GCR 1963, 111 in 1 Honigman & Hawkins, Michigan Court Rules An-

notated (2d ed), pp 194-197, are too long to quote in full; but they contain the following:

"Judges who wanted to avoid difficult cases or who were too busy or too impatient to help shape up ineptly presented cases could still seize upon technical pleading defects. The pleader had set forth 'evidentiary facts' rather than 'ultimate facts' or had pleaded 'conclusions' rather than 'facts'—distinctions so illusory that they were always a threat. * * *

"To minimize these difficulties, the architects of the Federal Rules dropped the terms 'facts' and 'cause of action'.

\* \* \*

"While Michigan practice might be called 'fact pleading', it is primarily concerned with the notice function. \* \* \*

"The new sub-rule 111.1 makes emphasis on the notice function even more apparent by the way in which it has integrated the substance of the prior statute and prior Rules 17 and 19. It says that the pleading shall contain '* * * a statement of the facts * * * upon which the pleader relies in stating his cause of action *with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend, *. * *' Unless an unintended regression from prior practice is to be read into the new rule, the underlined clause must be taken as modifying that which precedes it—that is, as prescribing the purpose or end to which the pleader is required to state a 'cause of action'.

\* \* \*

"There have been some relatively recent decisions approving dismissal for pleading 'conclusions'. But these decisions, for the most part, are not demanding more extensive factual allegations or greater specificity than federal practice. They are cases in which a conclusory allegation of some claimed right or wrong is rejected because specific facts affirmatively show that the pleader cannot meet the substantive requirements for relief; or they are cases where the facts as pleaded show

legal defects in plaintiff's standing to seek relief not-withstanding conclusory pleas to the contrary. They are not cases in which lack of specificity or defective drafts-manship have been seized upon to avoid the merits." (Citations omitted, emphasis in original.)

See also the pleading standards suggested in 1 Honigman & Hawkins, *supra,* 198-199.

Of course, the trial judge, knowing of the convictions of others, may have correctly deduced that plaintiffs did not have proofs to back up the new paragraphs that were taken "whole cloth" from his opinion, but, as explained in *Wynn v Cole,* 68 Mich App 706, 712; 243 NW2d 923, 926 (1976), a motion for summary judgment "is to be tested by the pleadings alone" and "all well-pleaded material allegations must be taken as true". However, when there is good reason to believe that allegations, which cannot be summarily dismissed, are nonetheless groundless and unwarranted, a combined use of GCR 1963, 109 and 111.6 may be appropriate. The purpose of 111.6 is "to impose realistic costs, including actual attorney fees, as a deterrent to bad faith pleading"; 1 Honigman & Hawkins, *supra,* (1979 Supp), p 70. Requiring security, under 109, for such expected costs would emphasize the deterrent while preserving the right to a jury trial. If 111.6 is to achieve its objective it "should be liberally applied in cases where bad faith is shown, with an allowance of attorney fees realistically based on actual charges at prevailing rates". Id. at 71.

The order of summary judgment in favor of Thompson must also be reversed. Although he is not named in paragraphs 10 and 11, the gist of the entire complaint is that he falsely accused plaintiff to avoid the consequences of his own wrongdoing.

Finally, plaintiffs claim the trial judge should be

disqualified because he acknowledged that he was "having a hard time separating what this court knows to be decisions of juries in this matter", referring to the convictions of two other men in the same fraudulent scheme. A jury has been demanded. Knowledge of the entire episode may make the judge especially qualified to rule on questions of evidence. His opinion on the first motion for summary judgment was scholarly. He took the second motion for summary judgment under advisement and expressed his concern in a straightforward way. His admission that the conviction of two other men because of Thompson's testimony makes it difficult for him to accept plaintiffs' claims that GM and the detective lacked probable cause and acted with malice seems to us to be a candid, natural conclusion. We see no basis for his disqualification.

Reversed and remanded.