WEST v ROBERTS

Docket No. 159474. Submitted March 21, 1995, at Lansing. Decided November 7, 1995, at 9:05 A.M. Leave to appeal sought.

Richard West brought an action in the Washtenaw Circuit Court against Bruce A. Roberts and others, seeking damages for personal injury. The court, Patrick J. Conlin, J., on motion by the defendants, ordered the plaintiff to post a surety bond as security for costs and dismissed the action after the plaintiff failed to post the bond. The plaintiff appealed.

The Court of Appeals held:

MCR 2.109(C)(1) provides that a court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit financial inability to furnish a security bond.

In this case, the plaintiff stated a legitimate claim and filed an affidavit of indigence. However, the trial court refused to assess the plaintiff's financial ability to furnish a security bond. The court's refusal constituted an abuse of discretion.

Reversed.

SAAD, J., dissenting, stated that the plaintiff failed to demonstrate indigence and the trial court did not abuse its discretion in refusing to waive the requirement of a security bond.

COSTS — SECURITY FOR COSTS.

A court abuses its discretion in requiring a plaintiff to post a surety bond as security for the defendant's costs where it refuses to assess the plaintiff's financial ability to post a bond as stated on an affidavit of indigence (MCR 2.109[C][1]).

*Schreier & Weiss, P.C.* (by *Jay B. Schreier*), for Richard West.

*Douvan & Barnett* (by *Kenneth A. Rich* and *Gordon J. Barnett, Jr.*), for Bruce A. Roberts.

REFERENCES

Am Jur 2d, Costs § 79.
See ALR Index under Bonds and Undertakings; Costs of Actions.

*Bailey and Rossi, P.C.* (by *Richard D. Wilson* and *Gary A. Rossi*), for Donald M. Davey.

*Montagne, Schmidt, Matthews & Belanger* (by *Leland T. Schmidt*), for Casey D. Smith and CDS Telco, Inc.

Before: MURPHY, P.J., and MICHAEL J. KELLY and SAAD, JJ.

MICHAEL J. KELLY, J. Plaintiff brought this action for damages for injuries he allegedly received in two automobile accidents involving defendants. After plaintiff rejected the mediation award, defendants brought motions for security for costs. The trial court granted the motions and ordered plaintiff to post a bond in the amount of $10,000. When bond was not posted in a timely manner, the trial court dismissed plaintiff's complaint. Plaintiff appeals as of right. We reverse.

The trial court abused its discretion in imposing a $10,000 surety bond requirement on plaintiff pursuant to MCR 2.109, because under the circumstances such a requirement was unreasonable. There was no error in the circuit court's finding that defendants demonstrated substantial reasons for the imposition of security. *Farleigh v Amalgamated Transit Union, Local 1251,* 199 Mich App 631; 502 NW2d 371 (1993); *Wells v Fruehauf Corp,* 170 Mich App 326; 428 NW2d 1 (1988); *Flanagan v General Motors Corp,* 95 Mich App 677; 291 NW2d 166 (1980); *Gaffier v St Johns Hosp,* 68 Mich App 474; 243 NW2d 20 (1976). Nor were defendants' motions untimely merely because they were filed soon after mediation. There were adequate explanations in that defendants were facing further discovery and trial requirements and they had very recently discovered evidence that seriously damaged plaintiff's claims. *Hall v Harmony Hills*

*Recreation, Inc,* 186 Mich App 265; 463 NW2d 254 (1990).

However, the trial court erred in concluding that plaintiff failed to demonstrate that he was financially unable to post a bond. We review the trial court's imposition of security under the abuse of discretion standard. *Farleigh, supra.* The pertinent portions of MCR 2.109 provide:

> (A) Motion. On motion of a party against whom a claim has been asserted in a civil action, if it appears reasonable and proper, the court may order the opposing party to file with the court clerk a bond with surety as required by the court in an amount sufficient to cover all costs and other recoverable expenses that may be awarded by the trial court, or, if the claiming party appeals, by the trial and appellate courts. The court shall determine the amount in its discretion. . . .
>
>          \*   \*   \*
>
> (C) Exceptions. Subrule (A) does not apply in the following circumstances:
>
> (1) The court may allow a party to proceed without furnishing security for costs if the party's pleading states a legitimate claim and the party shows by affidavit that he or she is financially unable to furnish a security bond.

Here, the trial court believed that a bond was appropriate absent plaintiff's poverty, but it then failed to assess plaintiff's financial ability to post the bond. Plaintiff's cause of action was for personal injuries, the severity of which was closely contested. Plaintiff did demonstrate, at a minimum, a fractured ankle, and his mediation evaluation was in the amount of $10,500. The court, however, thought that plaintiff was exaggerating his claims and symptomatology, and that he would be unable to support certain physical claims, including sexual dysfunction, impotency, bladder

and bowel dysfunction, and a treatment claim of self-catheterization. In so doing, the court came perilously close to assessing credibility.

We find abuse of discretion in the court's refusal to assess plaintiff's financial ability to furnish the security bond, which the court effectively set within a whisper of the mediation evaluation. Plaintiff filed an affidavit of indigence indicating that his sole income was $1,200 a month in the form of social security disability benefits. The court found the affidavit insufficient but did not say why. The court stated:

> Yes. I would have to say there was no affidavit at the time of the original motion regarding the— whether the Defendant—or the Plaintiff was indigent or not. And subsequently this affidavit was filed today, but it does appear to be insufficient. And therefore I will sign—I will refuse to consider this, although it does show that he does make twelve hundred dollars a week—or twelve hundred dollars a month. That may be—let's check that.
>
> \* \* \*
>
> Twelve hundred dollars per month from Social Security and some kind of disability. That would not—would not seem to preclude him from posting this bond.

The court also commented that plaintiff's wife appeared to have a good job. However, plaintiff's wife was not a party to this lawsuit. At the conclusion of the hearing, the trial court entered its order requiring plaintiff to file a surety bond in the amount of $10,000 within twelve days. On the thirteenth day, November 17, 1992, the trial court entered its order of dismissal with prejudice. We are left with a definite and firm conviction that the court erred and we therefore reverse the order requiring a surety bond in the amount of $10,000 and reinstate plaintiff's claim.

Reversed.

MURPHY, P.J., concurred.

SAAD, J. *(dissenting)*. I would affirm the decision of the trial court to dismiss plaintiff's complaint for failure to post a security bond pursuant to MCR 2.109(A). I would find no abuse of discretion by the trial court because plaintiff failed to demonstrate that he was financially unable to post a bond. In light of plaintiff's failure to support his claim of indigence, the court did not abuse its discretion in refusing to waive security under MCR 2.109(C)(1). *Farleigh v Amalgamated Transit Union, Local 1251,* 199 Mich App 631, 633; 502 NW2d 371 (1993).

I would affirm.